Green, J.
delivered the opinion of the court.
This bill is filed to obtain the legal title of a three hundred acre tract of land, in Henderson county, and to dispossess the defendants thereof.
It appears from the record, that in 1817, defendant John Anderson conveyed to William Irvine, the ancestor of the complainants, five hundred acres of a twelve hundred acre tract, granted to Nathan Orr, and lying in Lincoln county. This land was claimed by an older and better title, and Irvine surrendered his claim and obtained a duplicate warrant in the name of Anderson, which issued in 1820, was entered in 1821, and granted to Anderson in March, 1824.
This suit was brought in 1838. ' The defendant, McRee, claims the land by virtue of a purchase from the heirs of Nathan *555 Orr of all their equity to the twelve hundred acre tract in Lincoln, and the other defendants are purchasers and tenants of McRee. Anderson answers and disclaims any title to the land in controversy. McRee and the other defendants answer and rely on McRee’s equity, derived from the heirs of. Orr, and upon the statute of limitations.
It is not pretended that the paper, purporting to be a conveyance from the heirs of Orr to McRee is.so proved as that it can be read as evidence. There is no certificate of a privy examination of the feme covert, as the law requires, and the. paper is proved by one witness only. The defendants, therefore, have no equity to the land.
As to the defence of the statute of limitations, the proof is vague and uncertain. McAllister says, “that fifteen years ago a man named Taylor took a lease from McRee, and lived on the land; and about the year 1828,. S. F. White took a lease and lived on the land some time, and then sold his interest to Garland Anderson, who retained possession until the lease was out; after which White and others bought from McRee, and have continued in possession until now.”- This is all the evidence as to the possession; and this is far short of proof, clear and satisfactory, of an adverse continued possession for more than seven years.
The facts stated by the witness may be true, and yet neither Taylor,- White nor Anderson may have continued in possession until the time the purchase was made from McRee. And when that purchase was made (from which time there has been a continued possession) the witness does not state. When a party relies upon his possession only, to resist the right of the true owner of land, he must show by clear proof, his actual occupancy, continued, uninterrupted and adverse for the time required by the statute of' limitations. Adams on Ejectment, 485, et seq.
The other defendants have no right to insist that a decree cannot b'e had against Anderson, divesting him of the legal title, on the ground, that the suit was not brought in seven years after the warrant issued in his name. He does not plead the statute of limitations, and they do not claim under him, nor are they *556 any way connected with his title. Besides, Anderson has never claimed adversely to Irvine’s heirs; Irvine himself procured the warrant to issue in Anderson’s name, and Anderson has never set up any claim to the land.
But it is insisted, that although the complainants may be entitled to a decree, vesting in them the legal title; and although the defendants in possession have no title to the land, yet that a Court of Equity has no jurisdiction to award a-writ of possession against them. We do not concur in this view of the case. These defendants attempt to set up an equity against the complainants connecting themselves with the title of Nathan Orr, under which the complainants also claim. They were, therefore, properly made parties to this suit, that the conflicting equities might be settled by the adjudication of the court. And having decided that the complainants have the better equity; and that consequently the defendants have no right to the land; we are at a loss to see upon what principle it can be assumed, that the jurisdiction of the court stops here, and that it is prevented from making a decree according to the rights of the parties. That a Court of Chancery has jurisdiction to decree possession of land, when a controversy about the title hasbeen properly brought into that court, is unquestionable. 4 Kent Com. 184: 4 John. Ch. R. 609. And we have seen that here a controversy between the complainant and McRee was properly brought into this court. The legal' title was in Anderson, but he did not set up any right to the land. The complainants claim to be entitled in equity, and so do the defendants. His Honor the Chancellor determined that the complainants were entitled to the land, but yet supposed he1 had no jurisdiction to afford them relief. We think that in this he erred.
Let the decree be reversed-and decree for the complainants, and that they be put in possession of the disputed premises.